UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-62188-RAR

IAN ROACH,

    Plaintiff,

v.

HOSPITALITY VENTURES
MANAGEMENT, LLC D/B/A
SHERATON SUITES FORT
LAUDERDALE PLANTATION,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Remand to State Court ("Motion"), [ECF No. 6], filed on November 29, 2022. Defendant filed a Response in Opposition to the Motion ("Response"), [ECF No. 7], on December 1, 2022, and the Court held a hearing on the Motion on January 31, 2023 ("Hearing"), [ECF No. 11]. The Court having carefully reviewed the Motion, the Response, and the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand, [ECF No. 6], is **DENIED** as explained at the Hearing and set forth below.

## BACKGROUND

On September 22, 2022, Plaintiff Ian Roach filed a civil action in the Seventeenth Judicial Circuit in and for Broward County Florida, Case No. 062022CA014215AXXXCE, against Defendant Hospitality Ventures Management, LLC ("HVM"). The Complaint alleges that HVM operates a hotel, Sheraton Suites, in Plantation Florida, where Plaintiff stayed as a guest. Compl. ¶¶ 3–5. Plaintiff avers he was injured while sitting on a shower chair that broke. *Id.* On November

21, 2022, Defendant HVM removed the case to this Court asserting diversity jurisdiction. Notice of Removal [ECF No. 1]. In doing so, Defendant relies on Plaintiff's pre-suit demand letter, [ECF No. 1-5], dated June 30, 2022, which states that Plaintiff's past medical bills total at least $43,453.68 and the lowest estimate of Plaintiff's claimed future medical bills is at least $132,100, thereby exceeding the $75,000 requirement for diversity jurisdiction. *See* Response at 4.

## LEGAL STANDARD

A defendant is permitted to remove a case from state court to federal court if the case could have been brought in federal court in the first instance. 28 U.S.C. § 1441. This includes actions where the federal court has diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship between the plaintiff and all defendants and an amount in controversy exceeding $75,000. On a motion to remand, the removing party shoulders the burden of establishing federal subject matter jurisdiction. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. Critical to the analysis here, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*

In determining whether subject matter jurisdiction exists, the Court focuses on the amount in controversy at the time of removal, not at any later point. *Stern v. First Liberty Ins. Co.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. 2020) (citations omitted). "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id*. (citing *Miedema v. Maytag Corp.*, 450

F.3d 1322, 1330 (11th Cir. 2006), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014)) (quotations omitted). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (citation omitted).

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdiction requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also* 28 U.S.C. § 1332(a). Although the removing party carries the burden in establishing that removal was proper, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted). However, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (citations omitted).

As noted above, Defendant relies on Plaintiff's pre-suit demand letter to establish the amount in controversy. This is proper evidence for the Court to consider in determining whether the amount in controversy is satisfied. *See Shields v. Fresh Market, Inc.*, No. 19-cv-60725, 2019 WL 1648974, at *2 (S.D. Fla. Apr. 17, 2019) ("Courts have previously held that pre-suit demand letters can qualify as 'other papers' under 28 U.S.C. § 1446(b)(3).") (collecting cases); *Sibilia v. Makita Corp.*, 674 F. Supp. 2d 1290, 1293 n.4 (M.D. Fla. 2009) ("[R]emoval would be appropriate if Defendant had used an 'other paper' under 28 U.S.C. § 1446(b) to establish the jurisdictional amount, such as . . . medical bills or invoices establishing the amount of Plaintiff's damages.").

"While [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). Accordingly, "[s]ettlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Instead, courts have analyzed whether demand letters merely reflect puffing and posturing, or whether they provide specific information to support the plaintiff's claim for damages and thus offer a reasonable assessment of the value of the claim." *Gluth v. Am. Airlines, Inc.*, No. 2:19-cv-918-FtM-38MRM, 2020 WL 897986, at *2 (M.D. Fla. Feb. 25, 2020) (internal quotations and citations omitted); *see also Moses v. Home Depot U.S.A., Inc.*, No. 13-60546, 2013 WL 11977917, at *3 (S.D. Fla. June 19, 2013) ("While a pre-suit demand letter alone may not be determinative of the amount in controversy when it reflects 'puffing' and 'posturing,' a demand letter that provides specific information to support the plaintiff's claim for damages is entitled to more weight.") (internal alterations and quotations omitted).

## **ANALYSIS**

There are many reasons why the dollar amount a plaintiff offers to settle a claim before commencing litigation would be considerably higher than the ultimate amount in controversy. For example, a plaintiff could simply be wishing to "start high" to induce a higher counteroffer from the defendant, or a plaintiff could be factoring in a defendant's wish to avoid the tangential costs of litigation, such as attorney's fees. Given the range of possible considerations that go into a settlement offer, the number a plaintiff offers to settle a claim cannot, standing alone, create federal jurisdiction. Accordingly, where, as here, a defendant relies on a pre-suit demand letter to establish the amount in controversy, the key question is whether the settlement demand contains specific evidence substantiating the plaintiff's offer. *Shields*, 2019 WL 1648974, at *2 (explaining that

while a "demand letter, standing alone, may not be enough to satisfy the jurisdictional amount," when "combined with" supporting documentation, it can establish the amount in controversy).

As explained at the Hearing, the pre-suit demand letter here supports a finding that the amount in controversy at the time of removal exceeded $75,000. The pre-suit demand letter identifies Plaintiff's past medical expenses as a result of the incident and estimates, with specificity, future medical expenses based on recommendations from Plaintiff's doctors. Even calculating future medical expenses at the low end of the doctors' estimates, Plaintiff's expenses exceed $75,000—and are thus sufficient to establish the amount in controversy. *See Wilson v. Target Corp.*, No. 10–80451, 2010 WL 3632794, at *4 (S.D. Fla. Sept. 14, 2010) (finding pre-suit demand letter "reliable evidence" of the amount in controversy due to the level of detail in the demand, which "delineate[d] the extent of [Plaintiff's] injuries, the physicians who ha[d] treated her, and the medical care she received from each of those physicians."); *Gluth*, 2020 WL 897986, at *2 (finding pre-suit demand letter adequately demonstrated the amount-in-controversy where "[p]laintiff present[ed] a list of his future medical expenses based on recommendations from his physician."); *Livolsi v. State Farm Mut. Auto. Ins. Co.*, No. 17-80407, 2017 WL 7792572, at *2 (S.D. Fla. June 30, 2017) (remand avoided based, in part, on demand letter that "unlike the plaintiff's demand letter in [another case], [was] specific and detail[ed] past and future medical expenses" exceeding the jurisdictional threshold); *La Rocca v. Stahlberger*, 676 F. Supp. 2d 1347, 1349-50 (S.D. Fla. 2009) (finding pre-suit demand package sufficiently demonstrated the amount in controversy where "[t]o satisfy its burden, [d]efendant point[ed] to medical reports wherein the lowest estimate of [p]laintiff's future medical bills would be $2,000 per year," which, based on plaintiff's age, was likely to exceed the jurisdictional amount when combined with the medical expenses already incurred by plaintiff).

Plaintiff argues that these estimates are merely speculative, and Plaintiff has not yet indicated whether he intends to seek future medical treatment as identified in the pre-suit demand letter. However, "[t]he Court may [] use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy." *Stern*, 424 F. Supp. 3d at 1269. Here, the amount Plaintiff spent on past medical bills is undisputed: $43,453.68. Given that the lowest estimate of Plaintiff's future medical bills is at least $132,100, the Court can reasonably infer that Plaintiff's expenses will surpass the $75,000 threshold.

## CONCLUSION

Based on the foregoing, the Court finds that the amount in controversy exceeds the jurisdiction requirement. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand, [ECF No. 6], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 31st day of January, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**